# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | |
| Plaintiff, | No. CR 02-1012-LRR |
| vs. | |
| JAMES BUCHANAN, | **ORDER** |
| Defendant. | |

The matter before the court is Defendant James Buchanan's Motion to File Notice of Appeal Nunc Pro Tunc (docket no. 130).

On December 5, 2002, the grand jury returned a four-count Superseding Indictment against Defendant and co-defendant John McCauley. McCauley was charged in all four counts. Defendant was charged in Counts 2 through 4. Count 2 charged on or about January 31, 2002, McCauley and Defendant, after each having been previously convicted of a felony drug offense, did knowingly and intentionally distribute and aid and abet the distribution of approximately 3.61 grams of a mixture or substance containing a detectable amount of cocaine base, more commonly called "crack cocaine," and 0.76 grams of cocaine, both being Schedule II controlled substances, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 851 and 18 U.S.C. § 2. Count 3 charged on or about January 25, 2002, McCauley and Defendant, after each having been previously convicted of a felony drug offense, did knowingly and intentionally distribute and aid and abet the distribution of approximately 0.51 grams of a mixture or substance containing a detectable amount of cocaine base, more commonly called "crack cocaine," a Schedule II controlled

substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(C) and 851 and 18 U.S.C. § 2. Count 4 charged on or about February 7, 2002, McCauley and Defendant, after each having been previously convicted of a felony drug offense, did knowingly and intentionally distribute and aid and abet the distribution of approximately 17.38 grams of a mixture or substance containing a detectable amount of cocaine base, more commonly called "crack cocaine," a Schedule II controlled substance, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(B) and 851 and 18 U.S.C. § 2. On January 17, 2003, the court accepted Defendant's pleas of guilty to Counts 2 through 4 of the Superseding Indictment.

On June 19, 2003, the court entered Judgment against Defendant and sentenced him to a prison term of 292 months and a supervised release term of eight years, and ordered him to pay a $300.00 special assessment. Defendant did not file a notice of appeal to receive direct review of his conviction or sentence, and he did not file a motion pursuant to 28 U.S.C. § 2255 (a "§ 2255 motion") to receive collateral review of his conviction or sentence.

On October 26, 2004, the Clerk of Court filed Defendant's Motion to File Notice of Appeal Nunc Pro Tunc ("Motion") (docket no. 130) under consideration here.[1] Defendant moves the court pursuant to the All Writs Act, 28 U.S.C. § 1651 ("§ 1651"), to permit him to file a notice of appeal. In his motion, Defendant avers he asked Wallace Taylor, his attorney in this criminal case, immediately following his sentence to file a notice of appeal in this criminal matter. Defendant avers Mr. Taylor told him he would file the required notice of appeal with the court. Defendant avers that, after reading of the

---

[1] The court is cognizant that Defendant made this filing without the assistance of counsel. Such filings are to be liberally construed and held to a less stringent standard than filings drafted by a lawyer. *Taylor v. Dickel*, 293 F.3d 427, 432 (8th Cir. 2002) (citing *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972)).

United States Supreme Court's decision in *Blakely v. Washington*, ___ U.S. ___, 124 S. Ct. 2531 (2004), he called Mr. Taylor to check on the status of his appeal and to ask what effect, if any, *Blakely* had on his case. Defendant avers Mr. Taylor stated he had not filed a notice of appeal. Defendant admits he is procedurally barred now from bringing a direct appeal. Defendant also admits that the issues he wishes to raise are more properly brought pursuant to 28 U.S.C. § 2255 ("§ 2255"). Defendant acknowledges, however, that he is procedurally barred from bringing a § 2255 motion by the statute of limitations provided in the Antiterrorism and Effective Death Penalty Act (the "AEDPA"). Defendant argues the proper relief for the alleged error of his attorney is "for the court to reinstate Defendant[']s right to appeal." Defendant argues the court has the power to grant such relief pursuant to § 1651 and should grant him an evidentiary hearing on these issues.

As Defendant admits, he is procedurally barred from filing a notice of appeal in his criminal case because he failed to meet the deadlines set forth in Rule 4(b) of the Federal Rules of Appellate Procedure ("Rule 4(b)"). *See* Fed. R. App. P. 4(b)(1)(A)(i) (requiring, in relevant part, that a criminal defendant file a notice of appeal in the district court within ten days of the entry of the judgment against him); Fed. R. App. P. 4(b)(4) (providing a criminal defendant an additional thirty days to file a notice of appeal where the district court finds excusable neglect or good cause for missing the earlier deadline). "[I]n a criminal case, 'after the expiration of forty days from the entry of a final judgment there is nothing either the trial court or the court of appeals can do to extend the time for filing notice of appeal.'" *United States v. Carter*, 990 F.2d 402, 403 (8th Cir. 1993) (quoting *United States v. June*, 503 F.2d 442, 443-44 (8th Cir. 1974)). Despite Defendant's contention to the contrary, no court has jurisdiction to grant Defendant's requested relief of a direct review of this criminal matter. Following the expiration of the deadlines set in Rule 4(b), Defendant may only seek collateral review of his conviction and/or sentence by

3

filing a § 2255 motion.

As Defendant also admits, he is procedurally barred from filing a § 2255 motion because he failed to meet the deadlines required by the AEDPA. The AEDPA requires, in pertinent part, that Defendant seek collateral review of any claims within one year of the date on which the judgment of conviction was final, that is, by August 2, 2004. *See* 28 U.S.C. § 2255(1). Therefore, no court has jurisdiction to grant Defendant's requested relief of collateral review of this criminal matter.

Defendant attempts to bypass these procedural bars by moving the court pursuant to § 1651, the All Writs Act. The "All Writs Act is meant to be used only in the exceptional case where there is clear abuse of discretion or 'usurpation of judicial power' . . . ." *La Buy v. Howes Leather Co.*, 352 U.S. 249, 257 (1957) (quoting *Bankers Life & Cas. Co. v. Holland*, 346 U.S. 379, 383 (1953)) (internal quotation marks omitted). "[T]he All Writs Act is a residual source of authority to issue writs that are not otherwise covered by statute. Where a statute specifically addresses the particular issue at hand, it is that authority, and not the All Writs Act, that is controlling." *Noske*, 235 F.3d at 406 (citing *Carlisle v. United States*, 517 U.S. 416, 429 (1996)).

As Defendant himself admits, the relief he seeks is exactly the type of relief properly sought by a motion to vacate, set aside or correct a sentence pursuant to § 2255. It is well settled that inmates may not circumvent the procedural requirement associated with bringing a § 2255 motion by forcing their claims through other procedural mechanisms. *See United States v. Noske*, 235 F.3d 405, 406 (8th Cir. 2000) (per curiam) (affirming a district court's denial of a motion pursuant to § 1651, where "the appropriate means for [the defendant] to challenge her sentence is § 2255")*; cf. United States v. Patton*, 309 F.3d 1093, 1094 (8th Cir. 2002) (affirming a district court's denial of the defendant's petition under Rule 12(b)(2) of the Federal Rules of Criminal Procedure

4

because the Eighth Circuit Court of Appeals has "consistently held that inmates may not bypass the limitation on successive habeas petitions" by attempting to invoke some other procedure) (citing *Noske*, 235 F.3d at 406 (same where the defendant moved pursuant to § 1651); *United States v. Lurie*, 207 F.3d 1075, 1077 (8th Cir. 2000) (same where the defendant moved pursuant to 28 U.S.C. § 2241); *Williams v. Hopkins*, 130 F.3d 333, 336 (8th Cir. 1997) (same where the defendant moved pursuant to 42 U.S.C. § 1983); *Ruiz v. Norris*, 104 F.3d 163, 164 (8th Cir. 1997) (same where the defendant moved to recall mandate); *Mathenia v. Delo*, 99 F.3d 1476, 1480 (8th Cir. 1996) (same where the defendant moved pursuant to Fed. R. Civ. P. 60(b)(6))). "[B]oth the law and common sense suggest federal prisoners cannot skirt designated procedural pathways by renumbering their filings." *United States ex rel. Perez v. Warden*, 286 F.3d 1059, 1061 (8th Cir. 2002) (referring to prisoners' attempts to file motions pursuant to 28 U.S.C. § 2241 in lieu of proper § 2255 motions). Thus, § 1651 does not provide the defendant with a means through which he may challenge his conviction or sentence because the relief Defendant seeks was more properly brought in a § 2255 motion.

Accordingly, the court **DENIES** Defendant James Buchanan's Motion to File Notice of Appeal Nunc Pro Tunc (docket no. 130).

**IT IS SO ORDERED.**
**DATED** this 20th day of May, 2005.

_____
LINDA R. READE
JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA